UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK MORANSKI and BEVERLY MORANSKI,<br>    Plaintiffs<br><br>v.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA, t/d/b/a, ENCOMPASS INSURANCE; ENCOMPASS INSURANCE COMPANY, ENCOMPASS HOME AND AUTO INSURANCE COMPANY, and ENCOMPASS INDEMNITY COMPANY,<br>    Defendants | NO.: 3:10-CV-01049<br><br>(JUDGE MUNLEY)<br>(MAGISTRATE JUDGE PRINCE) |

# REPORT AND RECOMMENDATION

Pursuant to an Order entered on November 17, 2010 (Doc. 12), Honorable James M. Munley referred defendants' motion to dismiss or in the alternative for a more definite statement to the undersigned Magistrate Judge for the purpose of preparing a Report and Recommendation.

**I. Background**

This case arises out of the manner in which defendant Encompass Insurance Company of America (Encompass), insurer for the home of plaintiffs Frank and Beverly Moranski (the Moranskis), handled a claim under plaintiffs' homeowner's policy of insurance.
.

### (A) Facts of the case

Because the Court is reviewing a motion to dismiss, the facts as stated are drawn from the complaint and taken as true for the purpose of this motion.

The Moranskis held an insurance policy covering their home that was issued by Encompass. (Doc. 1, at ¶¶ 4–7.) On May 16, 2009, the Moranskis' home and personal property were substantially destroyed by a fire, an occurrence that Encompass does not dispute triggered coverage. (*Id.* at 14.) Although Encompass valued the loss at $330,000.00, it only paid out $197,317.03, reflecting a "depreciat[ion] without full explanation." (*Id.* at 17–18.) Encompass had delayed making payment on the policy until October 2009, when counsel for the Moranskis submitted a written demand for payment; "[i]mmediately following contact" from the Moranskis' counsel, Encompass "issued a check for the undisputed amount." (*Id.* at 18–20.) Further, Encompass "attempted" to cancel the policy "simply because a claim was made thereupon." (*Id.* at 39.)

### (B) Procedural history

This case originated with the filing of the complaint on May 14, 2010. (Doc. 1.) On July 16, along with a supporting brief, Encompass filed a motion to dismiss or in the alternative for a more definite statement of Count III, which alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. §§ 201-1 to 201-9.3 (2008). (Doc. 6.) The Moranskis filed a brief in opposition on August 10 (Doc. 7), and Encompass responded with a reply brief on August 20 (Doc. 11). The motion is now ripe for adjudication.

**II. Standard of Review**

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pleaded facts, but rather tests the legal foundation of the plaintiff's claims. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

The Supreme Court recently abrogated its longstanding decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result of *Twombly*, plaintiffs were required to nudge their claims "across the line from conceivable to plausible." *Id.* at 570. To state a claim that satisfies Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550

3

U.S. at 555 n.3). According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, the Court's more recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

**III. Discussion**

Of the three counts in the complaint, the only one that Encompass seeks to have dismissed is Count III, which alleges in general terms a violation of the UTPCPL.

The purpose of the UTPCPL is "to protect the public from fraud and deceptive business practices." *Zaloga v. Provident Life & Accident Ins. Co.*, 671 F. Supp. 2d 623, 632 (M.D. Pa. 2009) (Kosik, J.) (quoting *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008)). Section 201-9.2 provides standing for a private right of action:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

4

73 Pa. Stat. § 201-9.2(a). In other words, a claimant under section 201-9.2 must have "suffered an ascertainable loss as the result of an 'unfair or deceptive act,'" as well as be a "person" who made a "purchase[] . . . primarily for personal, family or household purposes." *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645 (Pa. Super. 1990) (quoting 73 Pa. Stat. § 201-9.2(a)).

The UTPCPL lists twenty specifically prohibited actions or courses of conduct, 73 Pa. Stat. §§ 201-2(4)(i)–(xx), as well as a catch-all provision, *id.* § 201-2(4)(xxi). The complaint does not indicate which of these provisions plaintiffs believe were violated. Defendants' motion to dismiss makes note of this lack of specificity (Doc. 6, at 5 & n.2), and implicitly characterizes the UTPCPL claim as falling under the catch-all provision through their discussion mostly of cases applying the catch-all[1] (*id.* at 9–10); plaintiffs do not dispute this characterization in their brief in opposition. Accordingly, the Court will proceed on the assumption that plaintiffs intend to base their UTPCPL claim on the catch-all provision, section 201-2(4)(xxi). *See* 73. Pa. Stat. §§ 201-2(i) to (xx) (listing the twenty specific prohibitions under the UTPCPL and making no mention of failing to pay all or part of a claim under an insurance policy).

In order to state a claim under the catch-all provision of the UTPCPL, a plaintiff must allege all five elements of common-law fraud: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a result." *Perkins v. State Farm Ins. Co.*, 589 F. Supp. 2d 559, 567–68 (M.D. Pa. 2008) (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. 2006)). Federal Rule of Civil Procedure 9(b) requires fraud to be pleaded with particularity.

---

[1]The catch-all provision prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201-2(4)(xxi).

5

Plaintiffs have failed to plead common-law fraud with particularity. The complaint contains no allegations that permit an inference that defendants misrepresented any material fact or that any of the other four elements are satisfied here. Essentially, plaintiffs have alleged that defendants underpaid on their insurance claim (Doc. 1, at ¶ 24)—which, as defendants point out, forms the basis of a dispute over the proper payment amount, but does not constitute a claim for fraudulent or deceptive conduct.

Plaintiffs' brief opposing dismissal contains a list of facts that they insist support their UTPCPL claim, but a review of this list only demonstrates the insufficiency of their allegations. In addition to repeating the facts described in Part I.A *supra*, the brief mentions a variety of other factual statements, arguments, and statutory citations purportedly strengthening plaintiffs' case. In the interest of giving a thorough airing to plaintiffs' position, each will be discussed in turn.

According to this brief, defendants violated 40 Pa. Stat. 1171.5(a)(1)(i), a provision of the Unfair Insurance Practices Act (UIPA),[2] by leading plaintiffs "to believe that a fire loss such as in this case would be promptly investigated, adjusted, and paid." (Doc. 7, at 10.) Section 1171.5(a)(1)(i) prohibits an insurance company from "[m]aking, publishing, issuing[,] or circulating any estimate, illustration, circular, statement, sales presentation, [or] omission comparison" that "[m]isrepresents the benefits, advantages, conditions[,] or terms of any insurance policy." *Id.* Plaintiffs suggest that the payment of

---

[2]Regardless of whether any of plaintiffs' allegations might make out a prima facie violation of section 1171.5 of the UIPA, plaintiffs cannot escape the simple fact that the UIPA does not confer a private right of action. *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 214 (W.D. Pa. 2010) (citing, *e.g.*, *D'Ambrosio v. Pa. Nat'l Mut Cas. Ins. Co.*, 431 A.2d 966, 969–70 (Pa. 1981), *superceded by statute on other grounds as stated in Am. Franklin Life Ins. Co. v. Galati*, 776 F. Supp. 1054, 1062–63 (E.D. Pa. 1991); *Cresswell v. Pa. Nat'l Mut. Cas. Ins. Co.*, 820 A.2d 172, 180 n.4 (Pa. Super. 2003); *Fay v. Erie Ins. Grp.*, 723 A.2d 712, 714 (Pa. Super. 1999)).

6

roughly $197,000 on a loss that defendants estimated at $330,000 amounts to a prohibited misrepresentation of benefits. However, as defendants point out, the insurance policy—which plaintiffs attached as an exhibit to their complaint—states that the actual cash value of the insured property is "subject to a deduction for deterioration, depreciation[,] and obsolescence." (Doc. 1-2, at 10.) The policy further states that the insurer "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." (*Id.* at 12.) Since "a court is required to give effect" to insurance-contract language that is "clear and unambiguous," *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) defendants' application of explicitly stated provisions could hardly be found to be deceptive or misrepresentational.

Plaintiffs argue that defendants' "failure to act" was an unreasonable delay that violated both 31 Pa. Code § 146.4 and 40 Pa. Stat. § 1171.5(a)(10)(ii). (Doc. 7, at 10.) But section 146.4 of the Pennsylvania Code requires certain kinds of disclosures and prohibits denial of claims in certain circumstances; the complaint alleges nothing that should have been but was not disclosed, and does not allege that any claim under the policy was denied. Section 1171.5(a)(10)(ii) defines the failure "to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies" as an "unfair claim settlement or compromise practice[]" if such failure is "performed with such frequency as to indicate a business practice." *Id.* Although plaintiffs alleged in their complaint "repeated requests for payment" under their policy that defendants "refused" (Doc. 1, at ¶ 18), plaintiffs acknowledged that defendants tendered the roughly $197,000 "[i]mmediately" upon demand from plaintiffs' counsel. Moreover, plaintiffs have given no indication of how many unfulfilled requests for payment they actually made between the fire in May 2009 and the tender of $197,000 in October 2009; the complaint does not permit a reasonable inference that the requests for payment were denied "with such frequency as to indicate a business practice." Plaintiffs

7

have alleged nothing that would suggest that defendants tended to follow a course of denial of payment in other dealings with plaintiffs or with other policy-holders, and interactions over a four-month period related to a single claim on the policy do not establish a business practice.

Plaintiffs also allege a violation of 40 Pa. Stat. § 1171.5(a)(9) as grounds for their UTPCPL claim. Section 1171.5(a)(9) probibits an insurer from "[c]ancelling any policy of insurance covering owner-occupied private residential properties" except under certain conditions. *Id.* This provision of the UIPA does not support a UTPCPL claim for several reasons. First, the prohibition of section 1171.5(a)(9) was, by its own terms, not violated; what it prohibits is the actual canceling of a policy, and plaintiffs have alleged only that defendants "attempted" to cancel the policy. Second, the reach of the UTPCPL is limited to the redress of "ascertainable loss[es]" that resulted from unfair or deceptive acts, 73 Pa. Stat. § 201-9.2(a), and the complaint contains no allegation of any ascertainable loss flowing from the "attempted" policy cancellation. *Cf. Wisinski v. Am. Commerce Grp., Inc.*, No. 07-346, 2011 WL 13744, at *18 (W.D. Pa. Jan. 4, 2011) (quoting *Anderson v. Nationwide Ins. Enter.*, 187 F. Supp. 2d 447, 461 (W.D. Pa. 2002)) (dismissing a UTPCPL claim that plaintiff sought to predicate on allegations of defendant's "refusal to perform its contractual obligations"). Third, nothing in the complaint suggests that plaintiffs relied on this attempted cancellation, nor that defendants intended plaintiffs to rely on it for any purpose, nor that any such reliance, if there was any, was justifiable. In sum, the conduct that plaintiffs complain of "is simply not the proper subject matter for a UTPCPL claim." *Id.*

Plaintiffs cite three other provisions of the UIPA: subsection 1171.5(a)(10)(vi), which requires an insurer to attempt "in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear"; subsection (vii), which prohibits an insurer from "[c]ompelling persons

8

to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons"; and subsection (xiv), which prohibits "[r]efusing payment of a claim solely on the basis of an insured's request to do so" except in certain limited conditions. 40 Pa. Stat. §§ 1171.5(a)(10)(vi), (vii), (xiv). As a general matter, none of these three provisions is any more the proper subject matter for a UTPCPL claim than is section 1171.5(a)(9). Plaintiffs have not alleged justifiable reliance on any of these alleged actions nor an attempt by defendants to induce reliance. Further, subsections (vii) and (xiv), like section (a)(9), are inapplicable by their terms: subsection (vii) requires plaintiffs to have already recovered against an insurer in an action against it, which plaintiffs have not done; and subsection (xiv) is based upon an insurer's refusal to pay, which defendants have not done.

Because the allegations of Count III under the UTPCPL are clear enough to make it plain that Count III be dismissed, defendants' alternative motion for a more definite statement under Fed. R. Civ. P. 12(e) need not be addressed.

## IV. Conclusion

Based on the foregoing discussion, it is recommended that defendants' motion to dismiss Count III of the complaint be GRANTED.

s/ William T. Prince<br>
William T. Prince<br>
United States Magistrate Judge

January 11, 2011