IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK MORANSKI and BEVERLY MORANSKI, Plaintiffs<br>v.<br>ENCOMPASS INS. CO. OF AMERICA *trading and doing business as Encompass Insurance*, ENCOMPASS INS. CO., ENCOMPASS HOME AND AUTO INS. CO., and ENCOMPASS INDEMNITY CO., Defendants | No. 3:10cv1049<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition are the plaintiffs' objections to the report and recommendation of Magistrate Judge William T. Prince, which recommends that the defendants' motion to dismiss Count III of the plaintiffs' complaint be granted. The matter has been fully briefed and is ripe for disposition.

## BACKGROUND[1]

This case arises out of the manner in which Defendant Encompass Insurance Company of America ("Encompass"), insurer for the home of Plaintiffs Frank and Beverly Moranski ("the Moranskis"), handled a claim under plaintiffs' homeowner's policy of insurance.

The Moranskis held an insurance policy covering their home that was issued by Encompass. (Compl. ¶¶ 4–7 (Doc. 1)). On May 16, 2009, the Moranskis' home and personal property were substantially destroyed by a fire, an occurrence that Encompass does not dispute triggered coverage. (Id. ¶ 14). Although Encompass valued the loss at $330,000.00, it only paid out $197,317.03, reflecting a "depreciat[ion] without full explanation."

---

[1] Portions of the background facts are adopted directly from the report and recommendation of Magistrate Judge William T. Prince.

(Id. ¶¶ 17–18). Encompass had delayed making payment on the policy until October 2009, when counsel for the Moranskis submitted a written demand for payment; "[i]mmediately following contact" from the Moranskis' counsel, Encompass "issued a check for the undisputed amount." (Id. ¶¶ 18–20). Further, Encompass "attempted" to cancel the policy "simply because a claim was made thereupon." (Id. ¶ 39).

This case originated with the filing of the complaint on May 14, 2010. (Doc. 1). On July 16, 2010, Encompass filed a motion to dismiss or in the alternative for a more definite statement of Count III, which alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. STAT. §§ 201-1 to 201-9.3 (2008). (Doc. 6). The motion was referred to Magistrate Judge Prince who issued a report and recommendation on January 11, 2011. (Doc. 13). The plaintiffs have objected to the report and recommendation, bringing the case to its present posture.

**JURISDICTION**

Plaintiffs reside in, and are citizens of Pennsylvania. Defendants are insurance companies incorporated under the law of Illinois and have their principal places of business in Illinois. Thus, Defendants are citizens of Illinois. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and recommendation, we make a *de novo* determination of those portions of

the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. We may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Before the court is the magistrate judge's recommendation that we grant defendant's motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232

3

(citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted). The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 1950-51.

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Encompass moves to dismiss the Moranskis' claim under the UTPCPL. 73 Pa. Stat. §§ 201-1 to 201-9.3 (2008). "[T]he UTPCPL is designed to protect the public from fraud and deceptive business practices." Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 564 (3d

4

Cir. 2008). The UTPCPL states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commence as defined by . . . this act are hereby declared unlawful." 73 PA. STAT. § 201-3. The act also provides a private cause of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by . . . this act. . . ." 73 PA. STAT. § 201-9.2(a).

The magistrate judge assumes, without objection from the Moranksis, that Count III of the complaint raises a claim under the catchall provision of 73 PA. STAT. § 201-2(4)(xxi), which defines "unfair or deceptive acts or practices" as "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

Thus, to make out a claim under this provision, a plaintiff must satisfy the elements of common law fraud. Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 567 -568 (M.D. Pa. 2008). Those elements are: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006).[2] Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead

---

[2] The Moranskis object that other courts have focused upon the fact that 1996 amendments to the UTPCPL added the word "deceptive" to subsection (xxi) and have inferred that the legislature intended to provide a right of action distinct from common law fraud. See, e.g., Flores v. Shapiro & Kreisman, 246 F. Supp. 2d 427, 432 (E.D. Pa. 2002); Com. v. Percudani, 825 A.2d 743, 747 (Pa. Commw. Ct. 2003). That view, however, is

5

fraud with particularity. FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

In setting forth a common law claim of fraud, the Moranskis' objections rely on an amalgamation of allegations found throughout their complaint. Because Count III of the Moranskis' complaint incorporates those allegations included in Counts I and II, the court is satisfied that the elements have been adequately plead. (See Compl. ¶ 45). The Moranskis allege that Encompass misrepresented the benefits, advantages, conditions or terms of the policy, leading the Moranskis to believe that Encompass was obliged to investigate, evaluate, and pay claims promptly. (See id. ¶¶ 36, 46). Regarding the element of scienter, which may be pleaded generally, the Moranskis allege that Encompass (1) knew that a portion of the Moranskis claim was undisputed but refused to pay that portion (see Compl. ¶ 18); (2) knew the method that Encompass used to depreciate the value of the Moranskis claim but refused to disclose that method (see id. ¶¶ 17(b), 24, 25); and (3) knew that the Moranskis home was destroyed by fire but refused to reduce the Moranskis insurance premiums (see id. ¶ 40). The Moranskis allege that Encompass, through the terms of the policy at issue representing Encompass's obligation to

---

disfavored by the United States Court of Appeals for the Third Circuit, and we will decline to follow it. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225 n.15 (3d Cir. 2008) (inferring a justifiable reliance requirement from the UTPCPL's private standing provision, and stating "[w]e thus think mistaken those trial-court opinions that rely on the 1996 amendment to conclude that reliance is no longer required of private plaintiffs suing under the Consumer Protection Law's catch-all provision.").

investigate, evaluate, and pay claims promptly, intended to induce the Moranskis to purchase insurance. (See id. ¶¶ 36, 46). The Moranskis allege that it was reasonable to rely on the representations described above, and that they did rely on those representations in paying their premiums. (See id. ¶ 47). The Moranskis allege they were harmed by their reliance on Encompass's representations because (1) they had to wait unnecessarily for the undisputed portion of their claim; (2) they were forced to hire an attorney in order to obtain the undisputed portion of their claim; (3) they were forced to bring suit to determine Encompass's method of depreciation; and (4) they have been deprived of the use of the full amount of their claim. (See id. ¶¶ 28, 41, 42, 44, 47). Thus, we determine that the Moranskis have adequately plead a case of common law fraud sufficient to survive Encompass's motion to dismiss the Moranskis' claim for a violation UTPCPL. The motion will be denied.[3]

**CONCLUSION**

For the reasons stated above, the court will decline to adopt the report and recommendation and will deny the defendants' motion to dismiss or in the alternative for a more definite statement of Count III. An appropriate order follows.

---

[3] Encompass also moves for a more definite statement under Federal Rule of Civil Procedure 12(e). "Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F. 2d 795, 797 (3d Cir. 1967). The court is confident that Encompass will be able to frame a responsive pleading to Count III of the Moranskis' complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK MORANSKI and BEVERLY MORANSKI, Plaintiffs<br><br>v.<br><br>ENCOMPASS INS. CO. OF AMERICA *trading and doing business as Encompass Insurance*, ENCOMPASS INS. CO., ENCOMPASS HOME AND AUTO INS. CO., and ENCOMPASS INDEMNITY CO., Defendants | No. 3:10cv1049<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this  11th  day of February 2011, upon consideration of the plaintiffs' objections to the report and recommendation of Magistrate Judge William T. Prince, it is HEREBY **ORDERED** as follows:

(1) The objections to the report and recommendation (Doc. 14) are **SUSTAINED**,

(1) The report and recommendation (Doc. 13) is **NOT ADOPTED** and

(2) The motion to dismiss or in the alternative for a more definite statement of Count III (Doc. 6) is **DENIED**.

> **BY THE COURT:**
>
>   s/ James M. Munley
>
> **JUDGE JAMES M. MUNLEY**
> **United States District Court**